IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GREGORY RICE, 340065       Plaintiff, | * |
| v. | *   CIVIL ACTION NO.  PJM-09-260 |
| DIVISION OF CORRECTION WARDEN WAYNE HILL       Defendants. | * <br> * |

## **MEMORANDUM OPINION**

### **Procedural History**

This 42 U.S.C. § 1983 civil rights action for damages and miscellaneous relief was received for filing on February 5, 2009. The Complaint, filed by Gregory Rice ("Rice"), alleges that since Rice's arrival at the Metropolitan Transition Center ("MTC") on January 23, 2009, he has encountered unsanitary conditions of confinement. Rice claims that his housing unit exposes him to free-flying pigeons and their waste along with lead paint, which is chipping and falling off the ceiling of his cell. He further alleges that he has to stand in several inches of water from backed-up drains in the shower area. Rice also challenges the stability and structural integrity of the suspended tier walkway. Next, he asserts that his cell is infested with roaches, lacks hot water, and has a water leak in the ceiling. Paper No. 1. Rice further claims that he has been refused cleaning materials.[1]

On August 10, 2009, Defendant Wayne Hill, the MTC Warden, and the Maryland Division of Correction ("DOC") filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. Paper No. 12. Although provided notice of this filing pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Rice has not filed a response. Paper No. 13. The case may be

---

[1] Accompanying the Complaint are administrative remedy attachments submitted during the first week of Rice's arrival at MTC. The administrative remedies allege that Rice had been exposed to flying pigeons, pigeon dung and lead paint and that he had several roaches, no hot water, or a working light in his

determined on the pleadings. No oral hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For reasons to follow, Defendants' Motion, construed as a motion for summary judgment, shall be granted.

**Standard of Review**

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

---

cell. Paper No. 1 at Attachments.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, a court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**Analysis**

Defendants raise the argument that the case must be dismissed due to Rice's failure to exhaust his administrative remedies. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Proper exhaustion of administrative remedies demands compliance with an agency's deadlines and other critical procedural rules because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). Exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a

heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendant(s). *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).

This conditions-of-confinement action falls under the exhaustion prerequisites of § 1997e(a), and Rice's claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement or that Defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 98 Fed. Appx. 253 (4th Cir. June 2, 2004) (per curiam). The Maryland DOC provides for a grievance process. As noted under *Chase*, a Maryland inmate may satisfy exhaustion by seeking review of an Administrative Remedy Procedure ("ARP") complaint denial from the Warden to the Commissioner and then appealing the Commissioner's decision to the Inmate Grievance Office ("IGO"), the *final level* of appeal within Maryland's administrative grievance system for prisoners. *See Chase v. Peay*, 286 F.Supp.2d at 529 (emphasis added). It is not disputed that in the two weeks prior to filing this case Rice filed grievances at the institutional level regarding the conditions of his MTC confinement. Paper No. 12, Ex. 1. There is no record that he filed appeals to the IGO. *Id*., Ex. 5 at Oakley Decl. He has plainly failed to satisfy exhaustion requirements and has not shown that Defendants have legally given up his right to present this affirmative defense.

Further, as a fundamental element of § 1983 liability, Rice must show that Hill was personally involved in the alleged deprivation of his constitutional rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1997) (doctrine of *respondeat superior* does not apply to 42 U.S.C. § 1983 actions). It remains uncontroverted that Hill was not directly involved in the physical plant and/or maintenance of Rice's cell, housing tier, and/or MTC in general. Further, while supervisory

liability may attach under § 1983, such culpability is not tied to Hill because Rice has failed to establish that: (1) he had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive risk of a constitutional injury; (2) his response to that knowledge was so inadequate as to show deliberate inference to or tacit authorization of the allege offensive practices; and (3) there was an affirmative causal link between his inaction and Rice's alleged constitutional injury.[2]  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  Indeed, aside from being named as a Defendant in the caption of the Complaint, Warden Hill's name is nowhere to be found in statement of facts in the Complaint.[3]   For these reasons, the Motion for Summary Judgment shall be granted.

September 15, 2009

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2]   The Court further observes that there is absolutely no allegation that Rice suffered physical injury from his alleged exposure to the conditions at MTC. The Prison Litigation Reform Act states that "no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See* 42 U.S.C. § 1997e(e).  It is settled law that a prior physical injury is required for a prisoner to recover damages for emotional and mental injury.  *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997).

[3]   Neither the State, nor an arm of the State, is a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989).  Moreover, the Eleventh Amendment bars a suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment.  *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).  Defendant Maryland DOC is protected from suit for monetary damages by sovereign immunity under the Eleventh Amendment.  The DOC is a state agency.  It is statutorily considered a division of the Maryland Department of Safety and Correctional Services.  *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) & 3-201.  The Complaint against the DOC would in any event be subject to dismissal for want of jurisdiction.